NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Littlejon H.[1],<br><br>                    Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Civil Action No. 21-07968 (GC)<br><br>**MEMORANDUM ORDER** |

CASTNER, District Judge

**THIS MATTER** comes before the Court upon Plaintiff's counsel Charles E. Binder, Esq.'s Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act.  (ECF No. 21.)  Defendant filed a response indicating that it neither supports nor opposes the Motion.  (ECF No. 23.) The Court has carefully reviewed Plaintiff's submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, the Motion is **GRANTED**.

I.    **BACKGROUND**

On April 18, 2022, the Court entered a Consent Order reversing and remanding the Social Security Administration's (SSA) final decision denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423.  (ECF No. 17.)  On October 1, 2022, the Court entered a Consent Order submitted by the parties awarding counsel

---

[1]    The Court identifies Plaintiff only by first name and last initial.  *See* D.N.J. Standing Order 2021-10.

$6,310.98 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  (ECF No. 20.)  The EAJA award was made "in full satisfaction of Plaintiff's petition for the payment of fees, costs, and other expenses, made pursuant to 28 U.S.C. § 2412." (*Id.*)

On remand, the Administrative Law Judge issued a favorable decision finding that, as of March 1, 2016, Plaintiff had become disabled under the SSA's rules.  (ECF No. 21-3 at 3.[2])  On April 14, 2026, the SSA issued Plaintiff a Notice of Award informing him that his past-due benefits were $126,162.00.  (ECF No. 21-4 at 12.)  The Notice, attached to counsel's Motion, states that 25 percent of these benefits, a total of $31,540.50, was being withheld by law "to pay the approved representative's fee."  (*Id.*)

On April 24, 2026, counsel moved for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $31,540.50.[3]  (ECF No. 21.)  Counsel argues that the fee request is reasonable because "there is no evidence of fraud or overreaching by Plaintiff's counsel;" "counsel did not unduly delay this matter;" and counsel "achieved success in reversing the Commissioner's decision and ultimately were successful in the claimant being awarded past due benefits[.]"  (ECF No. 21-2 at 3.)  Attached to counsel's Motion is an itemization of services rendered to Plaintiff, which reflects 29.70 hours expended by counsel on this action.  (ECF No. 21-4 at 5; *see also* ECF No. 21-3 at 3-4.)  Counsel also submits a March 25, 2021 contingency fee agreement between Plaintiff and counsel indicating that Plaintiff agreed to a fee equaling twenty-five percent of any past-due benefits.  (ECF No. 21-4 at 3.)

---

[2]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]  Given that a $6,310.98 EAJA fee was already awarded by this Court, counsel states that it will "remit the previously awarded [EAJA fee] . . . directly to Plaintiff."  (ECF No. 21-2 at 6.)

## II.    **DISCUSSION**

The attorney's fees provision of the Social Security Act provides as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

Contingent fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807.  The Social Security Act "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*  There is one firm "boundary line: [a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . .  Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*  To determine whether a fee award is reasonable, courts within the Third Circuit "have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, Civ. No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (collecting cases).  While a litigant may be awarded fees under both the EAJA and the Social Security Act, "the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

Here, counsel seeks $31,540.50, the maximum twenty-five percent contingent fee, for 29.70 hours spent litigating Plaintiff's case.  Having considered the relevant factors, the Court

finds that the requested fee award is reasonable.  Counsel obtained a favorable result for their client, as the Court reversed and remanded the SSA's earlier decision, and Plaintiff eventually received $126,162.00 in past-due benefits.  And based on the Court's review of counsel's itemized invoices (ECF No. 21-4 at 5) and other awards upheld by courts, the Court agrees that counsel's imputed hourly rate ($1,061.97) and the total contingency fee ($31,540.50) are also reasonable. *See Acosta v. Comm'r Soc. Sec.*, Civ. No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (affirming a contingent fee award of $18,303.25 and an imputed hourly rate of $1,070.37); *Wells v. Comm'r of Soc. Sec.*, Civ. No. 20-10259, 2024 WL 447768, at *2-3 (D.N.J. Feb. 6, 2024) (finding a contingent fee award of $30,000 and an imputed hourly rate of $1,056.34 reasonable).

Counsel also has significant experience representing claimants in social security matters, (ECF No. 21-2 at 3), which weighs in favor of granting the award.  *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, Civ. No. 17-5413, 2025 WL 1456784, at *2 (D.N.J. May 21, 2025).  Moreover, counsel took the representation on a contingency basis, so there was a risk of non-recovery.  (ECF No. 21-2 at 3).  *See Rossi v. Comm'r of Soc. Sec.*, Civ. No. 19-08544, 2023 WL 6533488, at *1 (D.N.J. Oct. 6, 2023) (noting that a "higher contingency fee is reasonable given the risk of non-recovery if [the p]laintiff's claims were unsuccessful").  Finally, there is no evidence of delay or other factors that convince the Court it is necessary to reduce counsel's award.

Accordingly, the Court finds that, on balance, the present contingent fee arrangement comports with § 406(b) and is reasonable. The Court will award counsel the twenty-five percent of past-due benefits sought and will order counsel to remit to Plaintiff the prior award made under the EAJA.

## III.    CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 30th day of April, 2026, **ORDERED** as follows:

4

1. The Clerk's Office is directed to **REOPEN** this case for purposes of ruling on this Motion.

2. The Motion for Attorney's Fees (ECF No. 21) is **GRANTED**.  Charles E. Binder, Esq., is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $31,540.50 (or 25% of past-due benefits due to Plaintiff by reason of this Court's judgment, whichever is less).

3. Counsel shall remit to Plaintiff the $6,310.98 in attorney's fees previously awarded (*see* ECF No. 20) under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4. Counsel is directed to provide a copy of this Memorandum Order to Plaintiff within five (5) business days.

5. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 21.

6. The Clerk's Office is directed to **RECLOSE** this case.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE